UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Cr. No. 18-cr-10307-MLW |
| | ) | |
| DAREN DEJONG, | ) | |
| Defendant. | ) | |

ORDER

WOLF, D.J.                                                    May 6, 2019

As stated at the May 2, 2019 hearing, the court must determine whether there is jointly undertaken criminal activity, including but not limited to an uncharged conspiracy, in order to calculate the Guidelines range for defendant Daren DeJong's sentence. See U.S.S.G. §1B1.3(a)(1)(B); United States v. Gall, 552 U.S. 38, 49 (2007) ("[A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range."). If the government decided to forego alleging jointly undertaken criminal activity, as it agreed to forego charging DeJong for his personal criminal activity in 2015 and 2017, the court must decide whether "the remaining charge[] adequately reflect[s] the seriousness of the actual offense behavior and that accepting the agreement will not undermine the statutory purposes of sentencing or the sentencing guidelines." U.S.S.G. §6B1.2(a).

In addition, it is in the interest of justice to provide DeJong and the government time to confer concerning DeJong's

publicly expressed willingness to seek to substantially assist the government in the investigation or prosecution of one or more other individuals.  See U.S.S.G. §5K1.1.

Accordingly, it is hereby ORDERED that, by May 8, 2019:

1.   The government shall file an affidavit and memorandum addressing the foregoing U.S.S.G. §1B1.3(a)(1)(B) and 6B1.2(a) issues.

2.   The parties shall confer and report whether they request a further continuance of the sentencing hearing to provide DeJong an opportunity to attempt to render substantial assistance to the government.

3.   If there is a motion to file under seal any of the foregoing submissions, a redacted version of the submission(s) shall be filed for the public record unless good cause is shown for complete sealing of the document(s).  See United States v. Kravetz, 706 F.3d 47 (1st Cir. 2013).

UNITED STATES DISTRICT JUDGE