UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Cr. No. 18-cr-10307-MLW |
| | ) |
| DAREN DEJONG, | ) |
|     Defendant. | ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                        November 8, 2019

On April 29, 2019, the court ordered the unsealing of defendant Daren DeJong's sentencing memorandum with limited redactions. See Docket No. 53. As the court explained concerning the redactions:

> In Exhibit 1 the court has redacted information that is not necessary for it to evaluate defendant's cooperation, but might identify unindicted individuals defendant discussed in his proffer. The redactions are intended to protect the reputations of individuals who have not been charged and will not have an opportunity to attempt to refute defendant's statements to the Attorney General's Office at his sentencing. If, after providing public notice in this Memorandum, the court receives a motion to unseal the information in Exhibit 1 that is redacted, the court will consider the issue de novo.

Docket No. 53 at 4-5 n.1.

The Boston Globe subsequently moved to intervene to request unsealing of the redacted information relating to defendant's proffer. See Docket No. 70 (the "Motion"). The government and the defendant each state they do not oppose the Motion. See Docket Nos. 73 and 74.

The court has nevertheless considered de novo whether the redactions it made in defendant's sentencing memorandum concerning his proffer should be unsealed. It now finds the Motion is meritorious.

As the court has previously explained, there is a common law presumption of public access to information on which judicial decisions are made that can only be outweighed by compelling countervailing considerations. See Docket No. 51 (discussing United States v. Kravetz, 706 F.3d 47, 56-57 (1st Cir. 2013)). The redacted information concerning the defendant's proffer identifies the ranks held by individuals defendant was discussing, but does not include their names.

Many members of the Massachusetts State Police are likely to hold the referenced ranks. There is some risk that unsealing could nevertheless result in identifying the referenced individuals. However, neither that risk nor the possible harm to their reputations justifies continued sealing, in part because the court now expects that it will be necessary to discuss the ranks of the referenced individuals in court at defendant's resumed sentencing hearing. Cf. Kravetz, 706 F.3d at 63 ("prior publicity weighs strongly against sealing" (quoting Globe Newspaper Co. v. Pokaski, 868 F.2d 497, 506 n.17 (1st Cir. 1989))). Accord Ark. Teacher Ret. Sys. v. State Street Bank & Tr. Co., 391 F. Supp. 3d 167, 169 (D.

Mass. 2018); United States v. Salemme, 978 F. Supp. 364, 373-374 (D. Mass. 1997). See Docket Nos. 51 and 53.

Accordingly, it is hereby ORDERED that:

1. The Motion (Docket No. 70) is ALLOWED.

2. Except for the information on page 17 relating to defendant's wife's medical condition, which The Boston Globe does not request be unsealed, Docket No. 53-1 is UNSEALED and attached hereto.

                                                         /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE