UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 1:18-cr-10307-MLW |
| DAREN DEJONG | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## SECOND SUPPLEMENTAL MEMORANDUM
## IN AID OF SENTENCING

Defendant Daren DeJong ("DeJong"), by and through undersigned counsel, submits this brief second supplemental memorandum in aid of his scheduled sentencing on February 4, 2020. He again respectfully reiterates that a sentence of a one (1) year term of probation, to include as specific conditions that he serve six (6) months in home confinement along with the payment of mandatory restitution in the amount of $14,062.50, is "sufficient, but not greater than necessary" to achieve the purposes of the Sentencing Reform Act. In so doing, he continues to rely upon, and incorporates by reference herein, the arguments set forth in his original Sentencing Memorandum, dated April 30, 2019 [**Document #57**], his oral petition before this Honorable Court at his first sentencing hearing on May 2, 2019, and his Supplemental Memorandum in Aid of Sentencing, dated September 5, 2019 [**Document #67**]. In addition, he respectfully asks that this Honorable Court include the following updates regarding supplemental information about comparative sentencing involving similarly situated defendants and the status Dejong's state cooperation.

1

Specifically, on December 23, 2019, former Massachusetts State Police Lieutenant John Giulino pled guilty in Suffolk County Superior Court to two counts of larceny over $250, two counts alleging fraud, and two counts of fraudulent claims. Giulino was a superior officer in Troop E, Dejong's same unit. He was accused of having been paid $29,108.54 for overtime he did not work in 2015 and 2016 in connection with X-Team and AIRE traffic details. He was an AIRE detail Supervisor; Dejong worked a number of AIRE shifts under his supervision. As a result of his guilty plea, Giulino was sentenced to a two (2) year term of probation, 100 hours community service, and ordered to pay restitution in the amount of the unearned overtime.[1]

That Giulino, a former Commander of the Westfield State Police Barracks, was sentenced in state court to a *non-custodial sentence* after admitting to engaging in the same core conduct (i.e., submitting false traffic citations, leaving overtime shifts early, or skipping shifts altogether) that Dejong and other Troop E troopers admitted to in federal court ought to have direct bearing on determining the appropriate sentence for Dejong given that Giulino was a.) one of his [Dejong's] Superior Officers within the troop; b.) his direct supervisor on a number of AIRE shifts; and c.) because the charged conduct to which Giulino's admitted covered a two-year period (2015 and 2016) as opposed to the one year period (2016) to which Dejong admitted. Moreover, prosecutors from the Attorney General's White Collar/Public Integrity Unit have confirmed for undersigned counsel that a report of Dejong's proffer session with State Prosecutors and their investigators was turned over to Giulino's attorney in the ordinary course of Pretrial Discovery prior to Giulino's guilty plea.[2] The State Prosecutors also confirmed for

---

[1] Giulino was prosecuted by the White Collar/Public Integrity Unit of the Massachusetts State Attorney General's Office in its parallel investigation of Troop E Superior Officers.
[2] Commonwealth's Fifth Notice of Discovery dated May 25, 2019.

undersigned counsel that they would have called Dejong as a witness for the Commonwealth had Giulino's case proceeded to trial.[3]

Dated: January 27, 2020

                                            Respectfully submitted,
                                            DAREN DEJONG
                                            By and through his attorneys,

                                            /s/ *R. Bradford Bailey*
                                            R. Bradford Bailey, BBO#549749
                                            Adamo Lanza, BBO#689190
                                            BRAD BAILEY LAW, P.C.
                                            44 School Street, Suite 1000B
                                            Boston, Massachusetts 02108
                                            Tel.: (857) 991-1945
                                            Fax: (857) 265-3184
                                            brad@bradbaileylaw.com

**Certificate of Service**

    I, R. Bradford Bailey, hereby certify that on this the 27th day of January 2020, I caused a true copy of the foregoing motion to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

                                            */s/ R. Bradford Bailey*
                                            R. Bradford Bailey, Esq.

---

[3] The prosecutors handling the Giulino case further confirmed for undersigned counsel that they intend to call Dejong as a witness in the related case of *Commonwealth v. Keefe*, which is currently scheduled for trial in State Superior Court on March 23, 2020.