UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,          )
    Plaintiff,                     )
                              )
            v.                      ) Cr. No. 18-cr-10307-MLW
                              )
DAREN DEJONG,                      )
    Defendant.                     )

MEMORANDUM AND ORDER

WOLF, D.J.                                    April 27, 2022

On January 17, 2020, the sentencing hearing in this case was scheduled to resume on February 4, 2020, but later postponed.  The court has since received and reviewed the revised Presentence Report ("PSR"), the January 27 and 30, 2020 supplemental sentencing memoranda of the government and defendant Daren DeJong (Dkt. Nos. 79, 80, 83, 88), and additional materials provided by the government to Probation and to the court. On May 12, 2021, the government informed the court that it had received additional materials from the Massachusetts State Police, but did not state whether any of them would have been required to be produced pursuant to prior orders in the case.  The revised PSR and the parties' submissions do not address all of the questions the court has previously raised.

Nevertheless, after receiving the updated PSR, which is being prepared, and the supplemental submissions that the parties are

being ordered to file, the court will resume the sentencing hearing on May 24, 2022, at 2:00 p.m., at the Moakley Courthouse.

As the parties recognize, the court must begin determining the most appropriate sentence by correctly calculating the sentencing Guideline Range.  See United States v. Gall, 552 U.S. 38, 49 (2007).  As the court has previously discussed, a properly calculated Guideline Range includes all uncharged Relevant Conduct.  See U.S.S.G. §1B1.3.  Relevant Conduct includes criminal activity and resulting loss that is part of the same common scheme or plan as the offense of conviction.  See U.S.S.G. §1B1.3(a)(2). It also includes the loss attributable to others in jointly undertaken criminal activity, whether or not charged as a conspiracy, if certain conditions are met.  See id.

In their plea agreement, the government and DeJong considered only the loss that he caused personally in 2016, stipulated that the amount was more than $6,500 and less than $15,000, and calculated the Guideline Range to be 6 to 12 months.  See Plea Agmt. ¶¶3-4 (Dkt. No. 33).  The government agreed to recommend a sentence in the 6 to 12 month range.  Id. ¶4.

At the January 28, 2019 hearing at which DeJong pled guilty, the court questioned whether there was Relevant Conduct not accounted for in the plea agreement.  See Jan. 28, 2019 Tr.  (Dkt. No. 44) at 19.  More specifically, the court questioned whether it was proper to calculate the loss based only on 2016, and whether

2

there was loss that should be attributed to DeJong because of uncharged jointly undertaken criminal activity. Id. at 26-27.

Therefore, on February 11, 2019, the court ordered the government to provide Probation with all information pertinent: to whether there is in this case Relevant Conduct; to the amount of loss attributable to any such Relevant Conduct; and to a possible departure pursuant to U.S.S.G. §5K2.21, which encourages an upward departure for uncharged conduct if necessary to "reflect the actual seriousness of the offense."[1]  See Dkt. No. 43.

Based on information provided by the government, in the original April 23, 2019 PSR, Probation included as Relevant Conduct the loss attributed to fraud committed by DeJong in 2015 and 2017, as part of the same common scheme or plan as the 2016 embezzlement to which he had pled guilty.  It calculated the total loss as $31,105.25 and, therefore, found the Guideline Range to be 10 to 16 months.

_____

[1] Since the February 11, 2019 Order, the First Circuit has reiterated that the government has a "'solemn obligation to provide relevant information to the sentencing court and that a plea agreement may not abridge that obligation.'"  United States v. Davis, 923 F.3d 228, 237 (1st Cir. 2019) (quoting United States v. Almonte-Nuñez, 771 F.3d 84, 90 (1st Cir. 2014)).

In the instant case, as in Davis, id., the plea agreement put the defendant on notice of this duty by stating that "[n]othing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case." Dkt. No. 33, at 4.

DeJong's sentencing hearing began on May 2, 2019.  The court continued the hearing in part because it was still not satisfied that it had received all of the information necessary to decide whether DeJong had engaged in a conspiracy that would constitute Relevant Conduct and possibly increase his Guideline Range.  As had been previously explained, accurate and complete information concerning this issue was essential: to calculating the Guideline Range correctly; to determining whether an upward departure was justified, under U.S.S.G. §5K2.21, based on uncharged conduct; and to deciding whether, if the government had foregone charging DeJong with conspiring with others, the U.S.S.G. §6B1.2(a) requirements for accepting his guilty plea were met.  In addition, the court found that it would be in the interest of justice to provide the parties the opportunity to confer concerning DeJong's publicly expressed willingness to attempt to assist the government in the investigation or prosecution of others.  These decisions were memorialized in a May 6, 2019 Order (Dkt. No. 60).

On May 8, 2019, the government filed a sworn declaration stating that it had provided to Probation "all information covered by U.S.S.G. §§1B1.3(a)(1)(B) [relating to jointly undertaken criminal activity] and 6B1.2(a)."  Dkt. No. 64.  The government subsequently received additional documents from the Massachusetts State Police for 2013 and 2014,· and provided them to Probation.

In an April 23, 2019 revised PSR, Probation included as part
of the same common scheme or plan losses attributable to DeJong
personally for 2013 and 2014, as well as 2015, 2016, and 2017. It
found that the total loss is $63,603 and the Guideline Range is 12
to 18 months. DeJong subsequently objected to the inclusion of
loss for 2013, 2014, and 2015.

The Guideline calculation in the revised PSR does not include
any jointly undertaken criminal activity as Relevant Conduct. As
stated in the January 30, 2020 Order, the court continues to
question whether this is correct. See Dkt. No. 84. As indicated
earlier, criminal activity by a defendant in concert with others
constitutes Relevant Conduct, if certain conditions are met,
"whether or not charged as a conspiracy." U.S.S.G.
§1B1.3(a)(1)(B). There are many facts that suggest that DeJong's
criminal conduct in this case was part of a conspiracy. For
example, in his Sentencing Memorandum DeJong wrote that on one
occasion when he fraudulently claimed to have worked overtime, he
had "received a phone call from a [] lieutenant who stated 'we've
all agreed not to write [traffic tickets],'" and that "'it would
be best if we were on the same page,' . . . which DeJong took to
mean that he should . . . just go home." Dkt. Nos. 49-15, 75-1
(unsealed in pertinent part), at 10.

On January 30, 2020, the court expressed doubt that it had
all of the information necessary: to correctly calculate the amount

5

of the loss including Relevant Conduct and DeJong's Guideline Range;[2] to decide whether a U.S.S.G. §5K2.21 upward departure should be considered because DeJong was not charged with conspiracy; and to decide whether the requirements of U.S.S.G. §6B1.2 are implicated and have been met. See Dkt. No. 84. The government has since submitted several volumes of documents to Probation and the court in response to the court's questions. However, the court continues to question, among other things, whether the amount of the loss is correctly calculated in the PSR. Indeed, information that the government provided to Probation, DeJong, and the court in an undocketed January 29, 2020 letter summarizing information from cooperating witnesses provides further reason to believe that DeJong's criminal activity included conspiring with other members of the Massachusetts State Police, and that the money they each unlawfully received should be attributed to DeJong for the purpose of calculating his Guideline Range.

On February 15, 2020, DeJong requested a continuance of his sentencing because he was expected to testify at trial in a state

_____

[2] At the May 2, 2019 sentencing hearing, the court noted that the amount of restitution in the plea agreements of seven other members of the Massachusetts State Police charged in federal court with embezzlement was $131,631. See May 2, 2019 Tr. 30:19-31:3 (Dkt. No. 61).

criminal case against Massachusetts State Police Lieutenant David Keefe. Soon after, the COVID-19 pandemic struck, interrupting the progress of this case, among many others, including the Keefe case.

As indicated earlier, on May 12, 2021, the government informed the court that it had received additional voluminous materials from the Massachusetts State Police. However, it did not state whether any of them would have been required to be produced pursuant to prior Orders in this case.[3]

In addition, the court understands that DeJong has been receiving a pension which might be lost after he is sentenced. Therefore, although the court continues to be concerned that it does not have all of the information required to calculate the Guidelines Range for DeJong's sentence and to make a fully informed decision on what that sentence should be, it concludes that it is in the interests of justice to resume the sentencing hearing.

Accordingly, it is hereby ORDERED that:

1.   By May 6, 2022, the government shall identify with specificity and produce to DeJong, Probation, and the court in paper form any documents referenced in its January 29, 2020 letter

---

[3] The court is directing the government to address the implications of the documents filed on March 12, 2021 in a separate Order.

to Probation (undocketed) which are relevant to the issues raised or reiterated in this Memorandum.[4]

2.    By May 13, 2022, the parties shall file supplemental sentencing memoranda addressing, among other things: relevant developments since February 20, 2020, including whether DeJong's cooperation in the Keefe case, and any other case, is complete; the implications of the information in the January 29, 2020 letter from the government to Probation and related documents; the implications relating to DeJong, if any, of any documents that had been kept in the home of former Massachusetts State Police Lieutenant Timothy Luce[5] referenced in the government's May 12, 2021 letter (Dkt. No. 102); the monthly and total amounts of the pension DeJong has received since January 2019; whether he may

---

[4] The documents to be separated from the voluminous documents previously produced shall include, but not necessarily be limited to, those referenced in the undocketed January 29, 2020 letter to Probation that are referenced in: (a) footnote 3 concerning the "at least two occasions in 2015 and 2016 that [] had conveyed to DeJong that 'storm patrol' was in effect;" and (b) footnote 4 concerning messages to and from DeJong between December 2017 and March 2018 concerning "complaints about strict in person reporting requirements . . ., speculation about MSP AIRE investigation, discussion of difficulty meeting ticket writing requirements, areas to work, and complaints about the union's handling of the audit."

[5] The government shall also state whether Luce and/or any other Massachusetts State Police Lieutenant or other officer superior to DeJong has been prosecuted for conspiracy or any other crime relating to the offense to which DeJong has pled guilty, and, if so, describe the status or result of that prosecution.

lose his pension after being sentenced; and the implications of the pension he has received for any fine that may be imposed.

3.    By May 13, 2022, DeJong shall submit to Probation and file under seal the Net Worth Statement attached hereto as Exhibit 1.

4.    The sentencing hearing will resume on May 24, 2022, at 2:00 p.m., and, if necessary, continue on May 25, 2022.


UNITED STATES DISTRICT JUDGE